UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NICHOLAS GAVIN, )<br>)<br>Defendant. ) | Case No. 22-30029 |

### GOVERNMENT'S MOTION IN LIMINE
### REGARDING RULE 404(b) EVIDENCE

The United States of America, by Gregory M. Gilmore, Acting United States Attorney for the Central District of Illinois, and Matthew Z. Weir, Assistant United States Attorney, respectfully submit the following motion *in limine* seeking admission of other crimes evidence pursuant to Rule 404(b).

### BACKGROUND

1. The defendant was charged by Indictment with possession of 50 grams or more of actual methamphetamine with intent to distribute (Count One); possession of a firearm during and in furtherance of a drug trafficking crime (Count Two); and unlawful possession of a firearm by a convicted felon (Count Three).

2. The defendant pleaded guilty to Count One of the Indictment on January 29, 2025, but wishes to proceed to trial on counts Two and Three.

3. The evidence underlying all counts of the Indictment was seized when law enforcement searched the defendant's residence in Quincy, Illinois pursuant to a search warrant on April 27, 2022.

4. The probable cause for the search warrant arose from four undercover buys of methamphetamine law enforcement conducted from the defendant utilizing a confidential source. The buys took place on March 30, April 5, April 12, and April 22 of 2022.

5. The government has tendered notice to the defendant that it intends to call an expert witness at trial who will testify that the evidence in this case is indicative of the defendant's ongoing involvement in drug sales around the time that he is alleged to have possessed the firearm involved in this case.

6. The same expert witness will testify about the common involvement of firearms in drug trafficking crimes and that it is common for those engaged in drug trafficking to possess a firearm

or firearms to protect themselves from, among other things, being robbed for money or valuable controlled substances.

7.  During the search on April 27, 2022, officers seized $1,080 from the defendant's residence. The money was found inside the pocket of a coat hanging in a bedroom closet. Officers found the firearm in the pocket of another coat hanging in the same closet. $600 of the $1,080 found in the coat was Official Advanced Funds (OAF) from the undercover buys.

8.  The type of drug trafficking activity being conducted is an element the jury can consider at trial for a charge of possessing a firearm in furtherance of drug trafficking.

## ARGUMENT

9.  Evidence that the defendant distributed controlled substances at other times than the dates charged in the Indictment is highly relevant to proving the defendant committed the crime charged in Count Two of the Indictment.

10.  To be deemed admissible at trial, evidence must first be deemed relevant to the question facing the factfinder. Fed.R.Evid. 401. Evidence that "has any tendency to make a fact more or less probable" is considered relevant and thus is to be admitted if not

otherwise barred by a rule, statute, or the United States Constitution. Fed. R. Evid. 401, 402. Pursuant to Fed. R. Evid. 404(b)(1) and (2) evidence of other crimes is not admissible as propensity evidence but is admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. However, pursuant to Fed. R. Evid. 403, even relevant evidence may be barred if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

    11.   Under Rule 404(b), other crimes evidence is admissible when: 1) the evidence is directed toward establishing a matter in issue, not propensity to commit a crime; 2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; 3) the evidence is sufficient to show that the defendant committed the similar act; and 4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *United States v. Moore*, 531 F.3d 496, 499 (7th Cir. 2008). Where evidence meets the first three prongs of this test, a limiting instruction from the court is sufficient to ensure that the

introduction of other crime evidence is not unfairly prejudicial. *Id* at 500 (While other crimes evidence was "prejudicial" in that it helped to establish the elements of the crime the defendant was charged with; the evidence was not unfair where the court gave a limiting instruction on how the other crimes evidence could be used.)

12. The government seeks to introduce evidence the defendant was actively engaged in drug trafficking prior to his residence being searched on April 27, 2022. This evidence is highly relevant to Count Two of the Indictment. Evidence of the distributions, in the form of witness testimony that the buys occurred, supported by evidence of OAF from the buys recovered during the search is sufficiently reliable to establish they took place. A limiting instruction from the Court will ensure that the jurors only consider the other crimes evidence for the proper reasons and not as propensity evidence. However, the danger of propensity evidence is much less in this case, where the defendant already pleaded guilty to possessing the methamphetamine seized during the search with the intent to distribute it.

13. The list of factors for the jury to consider when a defendant is charged with possessing a firearm in furtherance of

drug trafficking includes the nature of the drug activity and the proximity of the firearm to drugs or drug proceeds. *United States v. Eller*, 670 F.3d 762, 766 (7th Cir. 2012). The fact the defendant already pleaded guilty to a drug trafficking crime does not render additional evidence of drug dealing irrelevant. *See United States v. Johnson*, 916 F3d 579, 588 (7th Cir. 2019).

## **CONCLUSION**

14. Evidence that the defendant was distributing drugs on other dates than just those charged in the indictment is relevant to show that the defendant was engaged in the ongoing distribution of drugs, which arguably helps to connect the firearm to drug trafficking. The evidence of the buys also helps establish that the money found in close proximity to the firearm was drug proceeds, as some of the money was actually used by law enforcement to buy drugs from the defendant. Further, since the defendant is not going to trial on the count charging possession with intent to distribute methamphetamine, the danger of the evidence of other drug sales being seen as propensity evidence is less significant.

WHEREFORE, the United States respectfully requests this Honorable Court to permit its admission at trial of other crimes evidence pursuant to Rule 404(b).

        Respectfully submitted,

        GREGORY M. GILMORE
        ACTING UNITED STATES ATTORNEY

        */s/ Matthew Z. Weir*
        Matthew Z. Weir, IL Bar No. 6304257
        Assistant United States Attorney
        318 South 6th Street
        Springfield, IL 62701
        Telephone: 217/492-4450
        Email: Matthew.Weir@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew Z. Weir*
Assistant United States Attorney
