UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Case No. 22-30029 |
| ) | |
| NICHOLAS GAVIN,    ) | |
| ) | |
| Defendant.    ) | |

**GOVERNMENT'S SECOND MOTION IN LIMINE
REGARDING RULE 404(b) EVIDENCE**

The United States of America, by Gregory M. Gilmore, Acting United States Attorney for the Central District of Illinois, and Matthew Z. Weir, Assistant United States Attorney, respectfully submit the following motion *in limine* seeking admission of other crimes evidence pursuant to Rule 404(b).

**BACKGROUND**

1. The defendant was charged by Indictment with possession of 50 grams or more of actual methamphetamine with intent to distribute (Count One); possession of a firearm during and in furtherance of a drug trafficking crime (Count Two); and unlawful possession of a firearm by a convicted felon (Count Three).

2. The defendant pleaded guilty to Count One of the Indictment on January 29, 2025, but wishes to proceed to trial on counts Two and Three.

3. The evidence underlying all counts of the Indictment was seized when law enforcement searched the defendant's residence in Quincy, Illinois pursuant to a search warrant on April 27, 2022.

4. The search warrant issued for the defendant's residence explicitly allowed for the seizure of cell phones and instrumentalities of crimes.

5. A cell phone belonging to the defendant was seized during the search of the defendant's person. That cell phone was later searched pursuant to a search warrant.

6. The government intends to introduce pictures of the defendant in possession of firearms taken by the defendant's cell phone at trial.

7. The evidence is being introduced to show that the defendant was willing and able to obtain firearms despite the fact he was a prohibited person and not legally allowed to possess a firearm.

## **ARGUMENT**

8. Evidence that the defendant was able to obtain and possess firearms despite the fact he could not legally possess a firearm is relevant to show opportunity and intent to possess the firearm charged in Counts Two and Three. The defendant in this case clearly had the opportunity to obtain firearms illegally based on the pictures of him in possession of firearms on his cell phone.

9. To be deemed admissible at trial, evidence must first be deemed relevant to the question facing the factfinder. Fed.R.Evid. 401. Evidence that "has any tendency to make a fact more or less probable" is considered relevant and thus is to be admitted if not otherwise barred by a rule, statute, or the United States Constitution. Fed. R. Evid. 401, 402. Pursuant to Fed. R. Evid. 404(b)(1) and (2) evidence of other crimes is not admissible as propensity evidence but is admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. However, pursuant to Fed. R. Evid. 403, even relevant evidence may be barred if its probative value is substantially outweighed by a danger of unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

    10.   Under Rule 404(b), other crimes evidence is admissible when: 1) the evidence is directed toward establishing a matter in issue, not propensity to commit a crime; 2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; 3) the evidence is sufficient to show that the defendant committed the similar act; and 4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *United States v. Moore*, 531 F.3d 496, 499 (7th Cir. 2008). Where evidence meets the first three prongs of this test, a limiting instruction from the court is sufficient to ensure that the introduction of other crime evidence is not unfairly prejudicial. *Id* at 500 (While other crimes evidence was "prejudicial" in that it helped to establish the elements of the crime the defendant was charged with; the evidence was not unfair where the court gave a limiting instruction on how the other crimes evidence could be used.)

## **CONCLUSION**

    11.   Evidence that the defendant was able to illegally obtain firearms is relevant to show that he had the opportunity to obtain

and possess the firearm in this case. Any potential prejudice can be addressed by a limiting instruction from the Court.

WHEREFORE, the United States respectfully requests this Honorable Court to permit its admission at trial of other crimes evidence pursuant to Rule 404(b).

Respectfully submitted,

GREGORY M. GILMORE
ACTING UNITED STATES ATTORNEY

*/s/ Matthew Z. Weir*
Matthew Z. Weir, IL Bar No. 6304257
Assistant United States Attorney
318 South 6th Street
Springfield, IL 62701
Telephone: 217/492-4450
Email: Matthew.Weir@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew Z. Weir*
Assistant United States Attorney
